IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

**ROBERT JONES A/K/A ROBERT S. JONES,**

    **Plaintiff,**

v.                                                                                                                Civ. No. 10-505 MV/LFG

**WELLS FARGO BANK, NA AS TRUSTEE;**
**WESTERN THRIFT AND LOAN;**
**ARGENT MORTGAGE COMPANY;**
**ED CONSTANTIAN, A MORTGAGE LOAN ORIGINATOR;**
**N.R. CONSTANTIAN, NOTARY PUBLIC CALIFORNIA,**

    **Defendants.**

## MEMORANDUM OPINION AND ORDER

**THIS MATTER** comes before the Court on pro se Plaintiff Robert Jones' request for a temporary restraining order, filed at 4:07 p.m. on May 26, 2010, to stop the sale of his property, which is set for 10:00 a.m. on May 27, 2010. *See* Doc. 3 and Ex. 2. Jones has failed to include a "certificate of service on each party" demonstrating that he has given notice to them regarding his eleventh-hour motion. *See* D.N.M. LR-Civ. 7.1(b). Because Jones' Complaint and its attachments show that Jones has failed to allege sufficient facts to establish federal jurisdiction, the Court will dismiss his Complaint *sua sponte*. In the alternative, because Jones has failed to state cognizable claims against the Defendants and has not shown that his request for a TRO meets the requirements for injunctive relief, the Court will deny his request for extraordinary relief.

## I. APPLICABLE LEGAL STANDARDS

As an initial matter, "[a] federal court must in every case, and at every stage of the proceeding, satisfy itself as to its own jurisdiction, and the court is not bound by the acts or pleadings of the parties." *Citizens Concerned for Separation of Church & State v. City & County*

*of Denver*, 628 F.2d 1289, 1301 (10th Cir. 1980).

> Because the jurisdiction of federal courts is limited, there is a presumption against our jurisdiction, and the party invoking federal jurisdiction bears the burden of proof. A court lacking jurisdiction cannot render judgment but must dismiss the cause *at any stage* of the proceedings in which it becomes apparent that jurisdiction is lacking.

*Marcus v. Kan. Dep't. of Revenue*, 170 F.3d 1305, 1309 (10th Cir. 1999) (internal quotation marks and citation omitted) (italics in original). "There are two statutory bases for federal subject-matter jurisdiction: diversity jurisdiction under 28 U.S.C. § 1332 and federal-question jurisdiction under 28 U.S.C. § 1331." *Nicodemus v. Union Pac. Corp.*, 318 F.3d 1231, 1235 (10th Cir. 2003) (internal quotation marks and citations omitted). "Title 28 U.S.C. § 1332 confers jurisdiction in the district court over an action between citizens of different states if the amount in controversy exceeds $75,000.00." *Martinez v. Martinez*, Nos. 02-2182, 02-2188, 62 Fed. Appx. 309, 314, 2003 WL 1904807, 4 (10th Cir. 2003).

> To invoke the power of the court pursuant to § 1332, allegations of diversity must be pleaded affirmatively. "To determine whether a party has adequately presented facts sufficient to establish federal diversity jurisdiction, appellate courts must look to the face of the complaint, ignoring mere conclusory allegations of jurisdiction." *Penteco Corp. Ltd. Partnership-1985A v. Union Gas Sys., Inc.*, 929 F.2d 1519, 1521 (10th Cir.1991) (citations omitted). "The party seeking the exercise of jurisdiction in [her] favor must allege in [her] pleading the facts essential to show jurisdiction. . . . ." *Id.* (quotation omitted).

*Id.* at 313. Further,

> [i]t is plaintiff's burden both to allege with sufficient particularity the facts creating jurisdiction, in view of the nature of the right asserted, and, if appropriately challenged, or if inquiry be made by the court of its own motion, to support the allegation.

*St. Paul Mercury Indem. Co. v. Red Cab Co.,* 303 U.S. 283, 288 n.10 (1938).

The Court applies the following standards in resolving whether Jones' Complaint states a cognizable claim:

> *Bell Atlantic Corp. v. Twombly* [] reject[ed] the "no set of facts" language of *Conley* [ *v. Gibson*, 355 U.S. 41, 45-46 (1957),] and announc[ed] a new (or clarified) standard: to withstand a motion to dismiss, a complaint must contain enough allegations of fact "to state a claim to relief that is plausible on its face." --- U.S. ----, ----, 127 S. Ct. 1955, 1974, 167 L. Ed.2d 929 (2007).  Under this revised standard, as we explained in *Ridge at Red Hawk, L.L.C. v. Schneider*:
>
>> the mere metaphysical possibility that some plaintiff could prove some set of facts in support of the pleaded claims is insufficient; the complaint must give the court reason to believe that *this* plaintiff has a reasonable likelihood of mustering factual support for *these* claims.
>
> 493 F.3d 1174, 1177 (10th Cir. 2007) (emphasis in original).  The burden is on the plaintiff to frame a "complaint with enough factual matter (taken as true) to suggest" that he or she is entitled to relief.  *Twombly*, 127 S. Ct. at 1965.  "Factual allegations must be enough to raise a right to relief above the speculative level." *Id.*

*Robbins v. Oklahoma*, 519 F.3d 1242, 1247 (10th Cir. 2008).

The requirements for the issuance of a temporary restraining order (TRO") are similar to those for the issuance of a preliminary injunction.   "A preliminary injunction is an extraordinary remedy; it is the exception rather than the rule."  *GTE Corp. v. Williams*, 731 F.2d 676, 678 (10th Cir. 1984).

> To obtain a preliminary injunction, the movant must show: (1) a substantial likelihood of success on the merits; (2) irreparable harm to the movant if the injunction is denied; (3) the threatened injury outweighs the harm that the preliminary injunction may cause the opposing party; and (4) the injunction, if issued, will not adversely affect the public interest.

*Gen'l Motors Corp. v. Urban Gorilla, LLC*, 500 F.3d 1222, 1226 (10th Cir. 2007). When a preliminary injunction or TRO would alter the status quo, such as the TRO requested in this case, the movant bears a heightened burden and "must make a strong showing both with regard to the likelihood of success on the merits and with regard to the balance of harms."  *O Centro Espirita Beneficente Uniao Do Vegetal v. Ashcroft*, 389 F.3d 973, 976 (10th Cir. 2004) (en banc, per curiam), *aff'd*, 546 U.S. 418 (2006).

## II.  ANALYSIS

### A.  Jones fails to sufficiently allege facts to show federal jurisdiction.

Jones' Complaint, which is entitled *"Complaint Alleging Violations of the Unlawfull [sic] Trade Practices Act (NM 57-12-2),"* is brought solely under state law.  *See* Doc. 1 at 1.  Jones has not alleged diversity jurisdiction and has failed to set forth any jurisdictional facts to show the citizenship and diversity of the parties.  *See Penteco Corp. Ltd. Partnership-1985A v. Union Gas Sys., Inc.*, 929 F.2d 1519, 1521 (10th Cir. 1991) ("The party seeking the exercise of jurisdiction in his favor must allege in his pleading the facts essential to show jurisdiction.") (internal quotation marks omitted).  Instead, Jones alleges only:

> Venue in the United States District Court, District of New Mexico is proper as the Defendant's [sic] Wells Fargo Bank, Ed Constantian, a California Mortgage Loan Originator, N.R. Constantian, a notary public for the State of California, Argent Mortgage Company, and Western Thrift and Loan either currently do business in the New Mexico District or have done business in the New Mexico District.

There are no facts on which the Court may determine the citizenship of the mortgage companies that Jones has named as Defendants.  Further, Jones has not alleged any amount in controversy, and has failed to establish the Court's diversity jurisdiction.  *See Adams v. Reliance Standard Life Ins. Co.*, 225 F.3d 1179, 1182 (10th Cir. 2000) ("An open-ended prayer for recovery, however, is not an allegation that diversity jurisdiction exists or that the amount in controversy exceeds [$75,000]").  Because neither the required amount in controversy nor complete diversity of the parties is present on the face of Jones' Complaint, he has failed to invoke the subject-matter jurisdiction of this Court and his Complaint must be dismissed without prejudice.  *See* FED. R. CIV. P. 12(h); *Marcus*, 170 F.3d at 1309.

### B. Jones has not stated a cognizable claim against the Defendants.

Although 28 U.S.C. § 1653 provides that "[d]efective allegations of jurisdiction may be

amended, upon terms, in the trial or appellate courts," and this statute was intended to "broadly permit amendment to avoid dismissal on technical grounds," *Brennan v. Univ. of Kan.*, 451 F.2d 1287, 1289 (10th Cir. 1971), the Court concludes that the interests of justice in this case do not favor allowing Jones an opportunity to amend his Complaint to include proper allegations of jurisdiction.

Jones' Complaint states that, on January 27, 2005, "*while residing in California*," he executed a mortgage on property he desired to purchase in New Mexico. Complaint at 1-2 (italics added). He alleges that Ed Constantian, "the original mortgage broker" in California, violated the New Mexico "Unlawful Trades and Practices Act" by denying Jones' "request for a VA loan, instead steering him to a high-cost adjustable rate mortgage," which Jones believes was unconscionable under the Act because Jones was a "disabled senior citizen" living on a fixed income. *Id.* at 2.

Jones alleges that Western Thrift and Loan, "the originating lender," violated the Act because it was not "licensed to write loans in the state of New Mexico." *Id.* Jones alleges that the mortgage documents, which were executed in California, were not signed in the presence of a Notary as required by New Mexico law, and that N.R. Constantian, who was Ed Constantian's relative (which, Jones alleges, violates California law), applied his or her signature and notary stamp on the documents after they were executed and "outside the presence of Jones." *Id.* at 2-3. Jones alleges, that, while he was executing the mortgage documents, there was "no one present to explain the documents or the ramifications of the documents . . . and how the payments may change," which he believes to be another unconscionable act under the Act. *Id.* at 2. He states that he felt pressured to sign the documents while a courier was waiting, and that, coupled with "the lenders failure to explain the mortgage loan documents," caused him to unknowingly "waive his rights to the statutory 9-month redemption period." *Id.* Jones contends that the one-month redemption period does not

give him sufficient time to conduct discovery to "prove this mortgage instrument fraudulent and therefore void." *Id.* at 3.

There are no facts in the Complaint regarding Defendant Argent Mortgage Company, thus the Complaint against it must be dismissed. The only facts regarding Wells Fargo are that, "[o]n September 18, 2008, Wells Fargo Bank NA filed an action for foreclosure (D-202-CV200809915) in the Second Judicial District Court" of New Mexico. *Id.* at 2. Those facts do not state a claim of any kind against Wells Fargo Bank.

In regard to the other defendants, the Court is hard-pressed to see how a New Mexico law created to protect New Mexico residents from unfair trade practices conducted in the State of New Mexico applies to Jones' transactions in California. *See* N.M.S.A. 1978, § 57-12-2(C) (providing that the terms "'trade' or 'commerce' includes . . .any trade or commerce directly or indirectly affecting the people of this state"); N.M.S.A. 1978, § 57-12-8 (providing that the NM Attorney General may being actions against defendants who violate the Act "in the district court of the county in which the person resides or has his principal place of business or in the district court in any county in which the person is using, has used or is about to use the practice which has been alleged to be unlawful under the Unfair Practices Act"). According to his Complaint, Jones was a California resident at the time he worked with a California mortgage broker to obtain a mortgage that was created in California by a California mortgage company and executed in California. Jones may be able to state a claim under an analogous California Act in California for what he alleges were Ed and N.A. Constantian's and Western Thrift and Loan's actions and errors, but he has not stated a cognizable claim for relief under the New Mexico Act.

In addition, Jones has failed to state facts that would give the New Mexico courts personal jurisdiction or venue over his claims. A district court may consider personal jurisdiction and venue

*sua sponte* "when the defense is obvious from the face of the complaint and no further factual record is required to be developed." *Trujillo v. Williams*, 465 F.3d 1210, 1217 (10th Cir. 2006). The face of Jones' Complaint establishes that the alleged bad acts and mortgage contract giving rise to Jones' suit occurred in California, and there are no other factual allegations connecting the Constantians or Western Thrift and Loan, who both appear to be California residents, to New Mexico. As a matter of law, therefore, this Court would not have personal jurisdiction over those Defendants because it cannot reasonably be said that they "purposefully [availed themselves] of the privilege of conducting activities within [New Mexico]." *See id.* at 1220. Thus, even if Jones could allege diversity jurisdiction, this Court would have no authority to hale the Constantians or Western Thrift and Loan into court to assert personal jurisdiction over them. *See id.*

Further, even if Jones could state a claim under the Act, he has not stated any viable claim against Wells Fargo Bank, and his Complaint against Wells Fargo must be dismissed. *See Robbins*, 519 F.3d at 1247. And a legal remedy for damages against the Constantians or Western Thrift for violating the Act would not include granting Jones the right to avoid foreclosure against Wells Fargo Bank, which had nothing to do with the Constantians' or Western Thrift's allegedly improper acts. *See* N.M.S.A. § 57-12-10(B) (proving that "[a]ny person who suffers any loss of money or property, real or personal, as a result of any employment by another person of a method, act or practice declared unlawful by the Unfair Practices Act may bring an action to recover actual damages or the sum of one hundred dollars ($100), whichever is greater. Where the trier of fact finds that the party charged with an unfair or deceptive trade practice or an unconscionable trade practice has willfully engaged in the trade practice, the court may award up to three times actual damages.)

**C. Jones has failed to establish his right to a TRO.**

Because Jones has no viable claims against Wells Fargo, he has failed to make a "strong

showing both with regard to the likelihood of success on the merits and with regard to the balance of harms." *O Centro Espirita Beneficente Uniao Do Vegetal*, 389 F.3d at 976. Jones is not entitled to the issuance of a TRO prohibiting the sale of the house for which Wells Fargo has obtained a judgment and order of foreclosure and sale.

**IT IS ORDERED that** Jones' Complaint is DISMISSED without prejudice for lack of subject-matter jurisdiction, and his Motion for a TRO [Doc. 2] is DENIED as moot.

**DATED** this 27th day of May, 2010.

_____
**MARTHA VAZQUEZ**
**CHIEF UNITED STATES DISTRICT JUDGE**